# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LARRY COSTON,

       Coston,

       v.

NORFOLK SOUTHERN RAILWAY COMPANY,

       Defendant.

CIVIL ACTION

No. 1:22-cv-01304-SEG

## DEFENDANT'S REPLY TO
## PLAINTIFF'S STATEMENT OF FACTS

COMES NOW, Defendant Norfolk Southern Railway Company ("Norfolk Southern") as the moving party and, pursuant to N.D.Ga. L.R. 56.1(B)(3), submits this reply to Plaintiff's Statement of Facts:

1.     Larry Coston began working for Norfolk Southern in 2006. Coston Dec. ¶ 2.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

2.    Larry Coston began his career as a conductor, before becoming an engineer in 2015. Coston Dec. ¶ 2.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

3.    In order to work as an engineer, a person must be a certified locomotive engineer. Coston Dec. ¶ 2; See also 49 C.F.R. § 240.201.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

4.    In the fall of 2020, Mr. Coston's job generally consisted of operating locomotives on trains running between Atlanta, Georgia and Greenville, South Carolina. Coston Dec. at ¶ 3.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

5.    At some point, Norfolk Southern changed the location where certain trains, known as trains 237 and 238 would originate and terminate from Inman Yard in Atlanta to a rail yard in Austell, Georgia. Coston Dec. at ¶ 3.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

6. Mr. Coston had not previously operated on this stretch of track. Coston Dec. at ¶ 3.

**DEFENDANT'S RESPONSE: Objection. This allegation is contrary to Plaintiff's admission that he operated over the territory at least twice before November 27, 2020. *See* Def. Ex. A, at pp. 67:15–68:14; Def. Ex. C.[1] Furthermore, pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

7.     In addition to being certified as a locomotive engineer, an engineer must also be qualified on a particular territory, or stretch of tracks. Coston Dec. at ¶ 4. See also 49 C.F.R. § 240.231 ("[except in certain circumstances]. . . no locomotive engineer shall operate a locomotive over a territory unless he or she is qualified on the physical characteristics of the territory pursuant to the railroad's certification program.")

---

[1] Citations to "Def. Ex." refer to Defendant's Exhibits identified and filed with Defendant's Motion for Summary Judgment and supporting Statement of Undisputed Facts. The ECF No. 32. Citations include references to specific page and line numbers of the Exhibits where applicable.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

8.      There are many aspects of a particular area of track that affect the safe operation of a train. These include the grade (or slope) of the track, curves in the track, turnouts, signals (which may tell a train to stop or slow down), the location of highway rail crossings (which require the horn to be blown in a certain pattern), and other characteristics, like things that affect visibility (such as trees, vegetation, buildings, sunlight patters). Coston Dec. ¶ 5. See also Hart Dec. ¶ 15, 16, 17 (discussing information an engineer would need to know to operate safely); Bailey Dep. 52:2-53:6 (attached as Exhibit 2); Coston Dep. 36:3-37:20; 38:1-24; 40:6-9.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Defendant objects to this allegation as not material to the motion before the Court.**

9.      The territory between Inman and Austell is undulating. Hart Dec. ¶ 6.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Defendant objects to this allegation as not material to the motion before the Court and not based on admissible evidence, as there**

**is no competent record evidence to support this generalized opinion testimony that the rail line is "undulating."**

10.     The distance between the signals between Inman and Austell is relatively short and this twelve-mile stretch produces a disproportionate of rule violations for the district it is on. Hart Dec. ¶ 6 and 7.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Norfolk Southern objects on the grounds that Plaintiff's allegation is not material to the motion before the Court. Norfolk Southern further objects on the grounds that the allegation is not based on admissible testimony evidence as it is based upon an opinion without foundation and unsupported by any competent evidence.**

11.     Rule violations are generally equivalent to unsafe situations. Hart Dec. ¶ 8.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Norfolk Southern objects on the grounds that Plaintiff's allegation is not material to the motion before the Court. Norfolk Southern further objects on the grounds that the allegation is not based on admissible testimony evidence as it is based upon an opinion without foundation and unsupported by any competent evidence.**

LEGAL\63606833\1

12.     The territory between Inman and Austell is complex for an engineer and even an experienced engineer would need to learn the specific characteristics of the track before it would be safe to operate there. Hart Dec. ¶ 9.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Norfolk Southern objects on the grounds that Plaintiff's allegation is not material to the motion before the Court. Norfolk Southern further objects on the grounds that the allegation is not based on admissible evidence as it is based upon an opinion without foundation and unsupported by any competent evidence.**

13.     When Norfolk Southern made the switch for trains 237 and 238, it decided to give engineers such as Mr. Coston two one-way trips over the new territory to be qualified. Bailey Dep. 35:17-20; Robinson Dep. 35:25-36:11.

**DEFENDANTS RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, federal regulations permit Norfolk Southern to qualify engineers over new territory pursuant to the railroad's program of engineer certification.  49 C.F.R. §240.231(a).**

14.     In the time period leading up to November 27, 2021, Mr. Coston worked on trains 237 or 238 three times, but on only two of those trips did he travel between Inman and Austell. Coston Dec. ¶ 6.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

15.     Mr. Coston had exactly two trips, one inbound, and one outbound, prior to November 27, 2021. Coston Dec. ¶ 6.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

16.     On the one inbound trip, the pilot provided to Mr. Coston was another Road Foreman who, although he was the pilot, was not himself familiar with the track. Coston Dec. ¶ 8; Coston Dep. 72:10-25; 73:12-22.

**DEFENDANT'S RESPONSE: Objection. Plaintiff's assertion that the Road Foreman was not familiar with the track is without foundation, as Plaintiff has no personal knowledge of the Road Foreman's qualifications, and is therefore objectionable pursuant to N.D.Ga. L.R. 56.1(B)(3)(c).  *See* Def. Ex. A, at pp. 72:10–73:3. Furthermore, this**

**allegation does not present a genuine issue of fact material to the motion**

**before the Court, as Plaintiff claims that he was not, in fact, qualified**

**over the physical characteristics of the territory.** *See* **Def. Ex. C.**

17.     To be a pilot, requires a good amount of familiarity with the territory,

correct and you can't really teach somebody something you don't know yourself.

Bailey Dep. 30:6-12.

**DEFENDANT'S RESPONSE: Objection. Pursuant N.D.Ga. L.R.**

**56.1(B)(3)(c), Plaintiff's allegation that "to be a pilot requires a "good**

**amount of familiarity" with the territory is a generalized opinion that is**

**not based on competent or admissible evidence.  Furthermore, this**

**allegation does not present a genuine issue of fact material to the motion**

**before the Court.  By way of further response, FRA regulations**

**determine the qualification of pilots.** *See* **49 C.F.R. § 240.231(b).**

18.     When piloting someone on a qualifying trip it should be at track

speed, with the pilot providing information about the territory to the engineer

learning it. Robinson Dep. 30:5-21; 31:1-11.

**DEFENDANT'S RESPONSE: Objection. Pursuant N.D.Ga. L.R.**

**56.1(B)(3)(c), this allegation is a generalized opinion that is not based on**

**competent or admissible evidence.  Furthermore, this allegation does**

8

**not present a genuine issue of fact material to the motion before the Court. By way of further response, FRA regulations determine the qualification of pilots. See 49 C.F.R. § 240.231(b).**

19.     Norfolk Southern's locomotives are equipped with software that, at certain times and in certain conditions will perform some of the tasks of a locomotive engineer. Coston Dec. ¶ 9.

**DEFENDANT'S RESPONSE: Admitted, but pursuant N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

20.     This does not mean that a locomotive engineer does not need to be actively monitoring the system. Coston Dec. ¶ 10; Hart Dec. ¶ 14; Bailey Dep. 21:23-22:7; Robinson Dep 54:22-56:2.

**DEFENDANT'S RESPONSE: Admitted, but pursuant N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

21.     The software does not work in all situations and the engineer must be prepared to take over at any moment. Coston Dec. ¶ 10; Hart Dec. ¶ 17 and 19 Transcript, Bates No. 38-39, lines 236-242; Bates No. 40-41, lines 256, 258 and 267; Coston Dep. 44:6-17; 45:3-23.

**DEFENDANT'S RESPONSE: Objection. Pursuant N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. Admitted however that the engineer must be prepared to operate the locomotive.**

22.     Mr. Bailey does not know if Norfolk Southern tracks failures of the system or who at Norfolk Southern might do so. Bailey Dep. 17:11-20.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

23.     On November 27, 2021, Coston was called to operate train 237, which would be a southbound train from Greenville which would terminate in Austell. Coston Dec. ¶ 9.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

24.     Mr. Coston brought the train from Greenville to Atlanta without incident. Coston Dec. ¶ 9.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

25. During the portion of the trip from Greenville to Atlanta, Mr. Coston used the railroad's software while operating the engines. When he got near Inman Yard, Mr. Coston contacted the dispatcher. Coston Dec. ¶ 12.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

26. The dispatcher is like an air traffic controller. Bailey Dep. 9:4-14. They tell the trains what to do, where to go, and when. Id.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), Norfolk Southern objects on the grounds that Plaintiff's allegation is not material to the motion before the Court. Norfolk Southern further objects on the grounds that the allegation is not based on admissible testimony evidence as it is based upon an opinion without foundation and unsupported by any competent evidence.**

LEGAL\63606833\1

27.     Coston asked the dispatcher for a pilot. Coston Dec. ¶ 12.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

28.     At first, the dispatcher indicated that there would be no problem getting Mr. Coston a pilot. Coston Dec. ¶ 14; 84:8-15; 84:8-11 ("Q: Did you have a conversation . . . with the dispatcher about . .. the possibility that Mr. Bailey could act as your pilot? A: Yes, that was the original plan.").

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

29.     After initially indicating that Mr. Coston would get a pilot, the dispatcher came back over the radio and told Mr. Coston that Mr. Bailey had said he was qualified. Coston Dec. ¶ 14.

**DEFENDANT'S RESPONSE: Admitted.  However, pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

LEGAL\63606833\1

30.     The clear import of this conversation was that Mr. Bailey would not be piloting Mr. Coston. Coston Dec. ¶ 14.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c) Norfolk Southern objects to Plaintiff's unsupported opinion as it is not based on competent evidence. Furthermore, Coston's opinion is not material to any issue before the Court on this motion. Norfolk Southern further objects on the grounds that this allegation is not material to any issue before the Court, as it is undisputed that Plaintiff elected to operate his train to Austell, GA, before Bailey's train arrived at Inman Yard. *See* Def. Ex. D; Def. Ex. A, at p. 81 ("[The dispatcher] said that he would get Travis Bailey's number for me. And so we sat there . . . and I toned him back up and then told him what was going on, and he said that he was still waiting on Travis. I'm assuming Travis was on the other train coming towards us or whatever. I don't know. But anyway, I told him that I would take the train over there..")**

31.     The dispatcher told Mr. Coston that he could call Mr. Bailey. Coston Dec. ¶ 14. Mr. Coston told the dispatcher he did not have Mr. Bailey's number and the dispatcher said he would get it for him. Id.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

32.     Mr. Coston wanted to get Mr. Bailey's number and was planning on calling him when he got it. Coston Dec. ¶ 14.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

33.     After waiting for a very long time, possibly over an hour, the dispatcher still had not gotten the phone number for Mr. Coston. Coston Dec. ¶ 14.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

34.     At this point, and only at this point, did Mr. Coston reach back out to the dispatcher and tell the dispatcher that he was not going to call Bailey. Coston Dec. ¶ 14.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.  By way of further response,**

**Plaintiff admittedly told the dispatcher that he was not going to call Mr. Bailey, stating: "We're not gonna call Bailey. We don't even wanna to deal with him, he'll try to find too much stuff wrong. We're gonna just feel our way through there."** *See* **Defendant's Statement of Undisputed Fact No. 42.**

35.     At no point was Mr. Coston offered a pilot and he refused one. Coston Dec. ¶ 14.

> **DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.  See also response to No. 34 above.**

36.     Other than that initial conversation with the dispatcher, Coston was not told a pilot was coming. Coston Dec. ¶ 14.

> **DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

37.     Mr. Coston did not want to violate FRA regulations by traveling on territory he was not properly qualified on at full track speed or by utilizing the software, which would run the train at full track speed. Coston Dec. ¶ 15 and 11.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, if Plaintiff was not qualified over the territory, he did violate FRA regulations by operating without a pilot. 49 C.F.R. 240.231.**

38.     Mr. Coston did not think it was safe to operate over territory he was not qualified and familiar with at full speed without a pilot. Coston Dec. ¶ 15. See also, Id. at ¶ 4-5.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

39.     Mr. Coston's options were to operate with the software at full track speed which was unsafe and a regulation violation; or he could continue to sit still until he went over the hours of service regulations and could not move the train, which would result in him being fired or potentially being put in a position to violate the hours of service requirements. Coston Dec. ¶ 15; Coston Dep. 105:14¬25. Or, Mr. Coston could operate the train from Inman to Austell at a speed that permits stopping within one half the range of vision of the locomotive

engineer. Coston Dec. ¶ 15. On the railroad, this is called restricted speed. Coston Dec. ¶ 15.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, Coston would not have violated federal hours of service regulations if he continued to "sit still" because he would not then have been performing "covered service." 49 CFR Part 228, Appendix A. Furthermore, if Coston was not qualified over the physical characteristics of the Inman Yard to Austell line segment, he was not permitted to operate his train at any speed, including "restricted" speed." 49 C.F.R. § 240.231.**

40.     Coston took the train slowly and safely to Austell. Coston Dec. ¶ 20.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, if Coston was not qualified on the physical characteristics of the Inman Yard to Austell Line segment then he was not able to operate slowly and safety to Austell, as a matter of law. 49 C.F.R. § 240.231.**

41.     There are many important reasons why an engineer should be familiar with the territory they are operating on. Hart Dec. ¶ 12 and 13. Coston Dec. ¶ 4.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. Norfolk Southern further objects on the grounds that the allegation is not based on admissible testimony evidence as it is based upon an opinion without foundation and unsupported by any competent evidence.**

42.     After waiting and not getting Mr. Baileys' phone number, Mr. Coston grew frustrated and considered his options, as described above. Coston Dec. ¶ 15 and 17.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

43.     Before going to Austell at restricted speed, Mr. Coston told the dispatcher what he would be doing. Coston Dec. ¶ 18.

**DEFENDANT'S RESPONSE: Objection.  Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

44.     Mr. Coston said he had only been over there (i.e. Austell) once and would be going "extremely slow." Coston Dec. ¶ 18.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

45.     The dispatcher told Mr. Coston: "I wouldn't care if I went three times, I'd still be going slow till I got good with it, that'll be fine." Bailey Dep. 81:5-14.

**DEFENDANT'S RESPONSE: Objection.  Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

46.     Additionally, on the way out to Austell, he was contacted by the Road Foreman desk. Coston Dec. ¶ 19.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

47.     The road foreman's desk are supervisors and they instructed Mr. Coston to go faster, but Mr. Coston told them he was going to go at a safe speed and refused to speed up or go full track speed. Coston Dec. ¶ 19.

LEGAL\63606833\1

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

48.     After that day, Mr. Coston received a letter notifying him he was being charged with disciplinary violations for "purposefully operating your train at a low rate of speed" and "failure to utilize Carrier's required Train Energy Management system." Coston Dec. ¶ 21.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

49.     Pursuant to a letter dated January 22, 2021 Coston was terminated for these stated reasons. Transcript, Bates No. 2.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

50.     The officer who terminated Coston testified that he understood that Coston had stated that he operates slowly because he wanted to be safe and did not know the territory. Robinson Dep. 34:14-35:11.

LEGAL\63606833\1

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, Robinson testified that Plaintiff "was offered a pilot and refused it." Pl. Ex. 5, Robinson Dep., at p. 39:3–39:17.**

51.     Mr. Coston was not terminated for refusing a pilot [he didn't], but for "going to slow, and not using the energy management system when required." Id. at 40:20-41:2.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.  By way of further response, Plaintiff was terminated because the investigatory hearing proved that Plaintiff intentionally delayed his assignment when he purposefully operated his train at a low rate of speed and failed to utilize the Train Energy Management system as required by Norfolk Southern's operating rules. *See* Pl. Ex. 1, Investigatory Hearing Transcript; *see also* Pl. Ex. 5, Robinson Dep. at 37:16–39:17.[2]**

---

[2] Citations to "Pl. Ex." refer to Plaintiff's Exhibits identified and filed with Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Statement of Facts.

52. The "investigation" was audio recorded and then a written transcript was made. Coston Dec. ¶ 21.

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

53. At the "investigation," Coston was clear that the reason he had operated at restricted speed was because of safety. Transcript, Bates No 32-33, Lines 160, 169, 170, 173, 174. He explained that he had not been properly qualified on the territory. Id. at Bates No. 33, line 175-178. He explained that he ran at restricted speed to be safe. Id. at Bates No. 34, lines 179-185.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

54. At the investigation, Bailey initially did not mention any communications with the dispatcher:

> I was at Austell when Mr. Coston was coming in on 237. I'd made sure I checked the lineup to see who needed a pilot . . . It showed Mr. Coston was qualified and had been over that territory previously, so I proceeded on to Austell to help in the Yard at 238. Upon my return to the office, I

---

ECF No. 39. Citations include references to specific page and line numbers of the Exhibits where applicable.

> received a call from the NOC . . . stating that they 237 had
> taken a significant amount of time to travel the 12 miles
> between Inman Yard and Austell.. .

Transcript, Bates No. 9, Line 27 (emphasis added).

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court, and purports to be a summary of testimony that is already before the Court. Norfolk Southern further objects on the grounds that Plaintiff's citations to the record do not support Plaintiff's allegation because the record shows that Bailey did testify as to his communications with the dispatcher at the Investigatory Hearing and Bailey's Deposition. *See* Pl. Ex. 1, Investigatory Hearing T., at pp. 23–24, 29–30; Def. Ex. D, at pp. 36:10–38:3.**

55. At the investigation. Bailey said he told the dispatcher to have him [Coston] call him. See Transcript, Bates No. 23, Line 97 ("That's why I told the Dispatcher to have him call me."); Bates No. 30, Line 148-149 ("Larry did ask for a pilot and I said, well, I show him qualified. . . . I said have him call me."); Hart Dec. ¶ 21.

LEGAL\63606833\1

**DEFENDANT'S RESPONSE: Admitted, but pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

56.     At the investigation, Bailey said "maybe" he could have worked something out or made his way out to help Mr. Coston.

**DEFENDANT'S RESPONSE: Objection. Norfolk Southern objects on the grounds that the record evidence does not support the facts because it does not provide the full context of Mr. Bailey's testimony. Norfolk Southern further objects pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), as this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, Mr. Bailey's entire testimony regarding his ability to pilot Plaintiff is already before the Court.**

57.     Bailey said that "Mr. Coston never did call me, but if he had've, I was in the area. I was here at Inman to ride trains and I was coming towards him on the train he was going to have to meet . . . maybe we could've worked something out." Transcript, Bates No. 24, Line 98.

**DEFENDANT'S RESPONSE: Objection. Norfolk Southern objects on the grounds that the record evidence does not support the facts because**

24

it does not provide the full context of Mr. Bailey's testimony. **Norfolk Southern further objects pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), as this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, Mr. Bailey's entire testimony regarding his ability to pilot Plaintiff is already before the Court.**

58.     Bailey said: "yeah, I would've been at least in the area to kind of help him out, if not immediately step over. I mean, I'm sure I could've made my way there.")(all emphasis added). See also Hart Dec. ¶ 22; Robinson Dep. 25:25-26:10.

**DEFENDANT'S RESPONSE: Objection. Norfolk Southern objects on the grounds that the record evidence does not support the facts because it does not provide the full context of Mr. Bailey's testimony. Norfolk Southern further objects pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), as this allegation does not present a genuine issue of fact material to the motion before the Court. By way of further response, Mr. Bailey's entire testimony regarding his availability to pilot Plaintiff is already before the Court.**

59.   Coston was never told, by the dispatcher or anyone else, that Bailey would be a pilot or that he could have a pilot at all. Coston Dec. ¶ 17; Hart Dec. ¶ 23.

**DEFENDANT'S RESPONSE: Objection. Norfolk Southern objects on the grounds that Plaintiff's own deposition testimony and recorded conversation with the dispatcher on November 27, 2020 directly contradicts this alleged "fact."** *See* **Pl. Dep. T., at 81 ("[The dispatcher] said that – that I probably would get the pilot off of 238 that was coming from Austell to Atlanta.")**

60.   Coston was not told that Bailey was on his way to be his pilot. Coston Dec. ¶ 17.

**DEFENDANT'S RESPONSE: Objection. Norfolk Southern objects on the grounds that Plaintiff's own deposition testimony and recorded conversation with the dispatcher on November 27, 2020 directly contradicts this alleged "fact."** *See* **Pl. Dep. T., at 80–81 ("I'm assuming Travis was on the other train coming towards us or whatever.")**

61.   Coston waited a long time for Bailey's phone number, but left when it became clear he would not get a pilot and would not get the phone number. Coston Dec. ¶¶ 15 and 17.

LEGAL\63606833\1

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

62.     Bailey's phone was off. Transcript, Bates No. 30, line 147.

**DEFENDANT'S RESPONSE: Denied as stated. It is admitted only that Mr. Bailey's cell phone was off while he was piloting Train No. 238 pursuant to Norfolk Southern operating rules. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

63.     Prior the investigation, Coston asked that the full audio recordings of his conversations with the dispatcher be provided, but they were not. Coston Dec. ¶ 23. He also asked for a witness from the Road Foreman's desk, but they were not made available.

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

64.     Norfolk Southern has only produced a small part of the relevant conversations that would have been recorded that day. Coston Dec. ¶ 23.

LEGAL\63606833\1

**DEFENDANT'S RESPONSE: Objection. Pursuant to N.D.Ga. L.R. 56.1(B)(3)(c), this allegation does not present a genuine issue of fact material to the motion before the Court.**

Respectfully submitted,

COZEN O'CONNOR

BY: */s/ Robert S. Hawkins*
Robert S. Hawkins (admitted *pro hac vice*)
Joseph P. Sirbak, II (admitted *pro hac vice*)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000
rhawkins@cozen.com
jsirbak@cozen.com

and

HALL, BLOCH, GARLAND & MEYER, LLP

By: */s/ Peter G. Golden*
Peter G. Golden
900 Circle 75 Parkway, Suite 500
Atlanta, GA 30339
(678) 888-0036
petergolden@hbgm.com

Date: June 2, 2023

*Attorneys for Defendant, Norfolk Southern Railway Company*

LEGAL\63606833\1

## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 7.1(D)

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing document has been prepared in accordance with Local Rule 5.1(c) (Times New Roman font, 14 point).

I hereby certify that I have this day served a copy of the within and foregoing document upon counsel by using the CM/ECF system which will send notification of such filing to all parties.

This 2nd day of June 2023.

Respectfully submitted,

HALL, BLOCH, GARLAND & MEYER, LLP

*/s/ Peter G. Golden*
Peter G. Golden
Georgia Bar No. 299905
Attorney for Defendant
900 Circle 75 Parkway, Suite 500
Atlanta, GA  30339-3099
(678) 888-0036
petergolden@hbgm.com

LEGAL\63606833\1